UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                Case No. 2:04-cr-00118
                                              JUDGE GREGORY L. FROST

      v.

DANIEL L. THOMPSON,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss (Doc. # 19) filed by Defendant, Daniel L. Thompson, and a memorandum contra filed by United States. (Doc. # 23.)  For the reasons that follow, this Court **DENIES** Thompson's motion.

**I.  Background**

On August 3, 2004, Defendant, Daniel L. Thompson, was indicted and charged with one count of tax evasion.  The indictment alleges that Thompson willfully attempted to evade paying the income and self-employment taxes he owed for the calendar years 1997, 1998, 1999, and 2000. (Doc. #19, at 2.)  On April 7, 2005, Thompson moved to dismiss the indictment on the ground that the government failed seek an indictment until six years after the earliest conduct and two years after the most recent conduct, thereby causing him to suffer prejudice resulting from an unconstitutional pre-indictment delay.  That motion is now ripe for disposition.

**II.  Standard of Review**

1

Federal Rule of Criminal Procedure 48(b) provides that a court may dismiss an indictment if there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant. *See United States v. Rogers*, 118 F.3d 466, 474 (6th Cir. 1997). Although the statute of limitations provides "the primary guarantee against bringing overly stale criminal charges," it does not "fully define [a defendant's] rights with respect to the events occurring prior to indictment." *United States v. Lovasco*, 431 U.S. 783, 789 (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)). In cases of actual prejudice, the statute of limitations may not ensure that the charges brought against a defendant comply with constitutional principles of due process. *Marion*, 404 U.S. at 324; *see also Lovasco*, 431 U.S. at 789; *United States v. Gross*, 165 F. Supp. 2d 372, 377 (E.D.N.Y. 2001). In this limited number of cases, the Due Process Clause has a role in protecting against oppressive, pre-indictment delay. *Lovasco*, 431 U.S. at 789.

The Due Process Clause of the Fifth Amendment requires dismissal of an indictment if the pre-indictment delay caused substantial prejudice to the defendant's right to a fair trial and the government used the delay as an intentional device to gain tactical advantage over the accused. *Marion*, 404 U.S. at 324. If compelling the defendant to stand trial after the government delayed indictment "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions ... and which define the community's sense of fair play and decency," the delay violates the Due Process Clause. *Lovasco*, 431 U.S. at 792. As part of such a showing, a defendant must prove actual prejudice to his right to a fair trial. *Id.* at 789 (finding that "proof of actual prejudice makes a due process claim concrete and ripe for adjudication"). However, this showing does not make the claim automatically valid. *Id.* The

due process inquiry must also consider the government's reasons for the pre-indictment delay. *Id.* at 790.

This Circuit has interpreted *Marion* and *Lovasco* to require a defendant to show: (1) that the pre-indictment delay resulted in substantial prejudice to his right to a fair trial; and (2) that the delay was an intentional device by the government to gain a tactical advantage. *United States v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985) (citing *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984) (quoting *United States v. Brown*, 667 F. 2d 566, 568 (6th Cir. 1982) (*per curiam*)); *United States v. Booher*, 641 F.2d 218 (5th Cir. 1981)). *See also Rogers*, 118 F.3d at 474-75; *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992). A defendant must prove *both* parts of the test to warrant dismissal of the indictment. *Duncan*, 763 F.2d at 222 (emphasis in original) (citation omitted).

### III.  Discussion

#### A.  Substantial Prejudice

To prove unconstitutional pre-indictment delay, Thompson must first show that he suffered substantial prejudice to his right to a fair trial. *Rogers*, 118 F.3d at 475 (quoting *Brown*, 959 F.2d at 66). Thompson's proof of prejudice must be more than conjectural; he must prove actual prejudice to his ability to mount a defense. *Duncan*, 763 F.2d at 222 (finding that the claim was an "insufficient showing of actual prejudice to justify the dismissal of the indictment"); *see also Gross*, 165 F. Supp. 2d at 380 ("Proof of prejudice must be definite, not speculative."). When determining which circumstances warrant actual prejudice, this Court recognizes that the inquiry turns on the particular facts in each case. *See Marion*, 404 U.S. at 324-325; *Lovasco*, 431 U.S. at 797.

Thompson alleges that his ability to mount a defense has suffered substantially prejudicial consequences as a result of the two to six year pre-indictment delay.  First, Thompson asserts that he has been unable to locate "critical persons who may have had favorable information" for him.  (Doc. 19 at 5.)  In *Marion*, the Supreme Court addressed the issue of witnesses that have become inaccessible:

> Appellees rely solely on the possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost.  In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of an indictment.

*Marion*, 404 U.S. at 325-26; *see also Duncan*, 763 F.2d at 222.  Thompson's assertion that the missing witnesses' testimony would have been favorable is simply not enough to establish actual prejudice to warrant dismissal of an indictment.  *United States v. Fontao*, 83 F.3d 423 (Table), 1996 WL 189306 (6th Cir. 1996) (citing *United States v. Loud Hawk*, 816 F.2d 1323, 1325 (9th Cir. 1987).  Rather, a defendant must both establish his inability to locate the witness and demonstrate that the loss of this witness and his or her expected testimony has prejudiced him. *United States v. Horowitz*, 756 F.2d 1400, 1405 (9th Cir.), *cert. denied*, 474 U.S. 822 (1985) (citing *United States v. Mays*, 549 F.2d 670, 677 (9th Cir.1977)). Thompson has not identified his missing witnesses, established the inability to locate the witnesses, nor provided sufficient information to demonstrate that the testimony from these witnesses would have been so beneficial to him that their inaccessibility, due to pre-indictment delay, has resulted in actual prejudice. Therefore, this Court finds Thompson's first assertion without merit.

Thompson also argues that the potential witnesses he has been able to locate lack the recollection and/or records they had at the time of the incident.  Not only did the Supreme Court

in *Marion* find this argument deficient, but this Circuit has held that these are insufficient reasons to establish prejudice. *Wright*, 343 F.3d at 860 (holding that Defendant's assertion that he was prejudiced because of witnesses' loss of memory and unavailable records must fail as a matter of law) (citing *Payne v. Rees*, 738 F.2d 188, 121-122 (6th Cir. 1984)); *see also Brown*, 667 F.2d at 568; *United States v. Gross*, 165 F. Supp. 2d at 381 (The court found the missing documents, in connection with Defendant's other arguments, sufficient to establish substantial prejudice only after receiving volumes of documentary evidence to establish which documents were missing, their reason for their loss, and the role they would have played in Defendant's case.). Thompson fails to present any evidence concerning the identity of these potential witnesses, how they would have been crucial to his case, and how the delay corresponds with their inability to remember. Also, Thompson merely asserts that these people "may" have had records at the time of the incident. He cannot explicitly identify the records, their importance, or how the delay caused them to become unavailable. For these reasons, this Court finds that Thompson's second argument fails to demonstrate actual prejudice to warrant a dismissal of his indictment. *See Wright*, 343 F.3d at 860.

Next, Thompson argues that he has suffered from substantial prejudice because his mother, who had knowledge of the facts and had been interviewed by the IRS, passed away during the delay. The death of a potentially material witness during a pre-indictment delay may prove substantial prejudice, but that is not alone determinative. *Rogers*, 118 F.3d at 475 (citations omitted). In *Rogers*, the court looked at whether the deceased was a material or a peripheral witness, whether the deceased would have testified, and whether his testimony would have affected the outcome of the trial. *Id.* at 475-76.

A deceased may be merely a peripheral witness if she did not participate directly in the transaction in question. *Id.* at 475 (citation omitted). Thompson does not indicate what role his mother played his allegedly unlawful activity. In *Gross*, the Second Circuit found merit in the fact that the deceased witnesses had long-term knowledge of the history of the case and knowledge of the allegedly illegal conduct underlying the case. *Gross*, 163 F. Supp. 2d at 383. However, the court only considered this argument after the defendant asserted that these deceased witnesses could have corroborated with his version of the events and that their testimony could not be adequately substituted by any other witness. Also, the court determined that the death of these witnesses alone would not be enough to establish substantial prejudice, but that in combination with other missing evidence, it could weigh in favor of establishing prejudice. *Id.*

Even though Thompson claims that his mother had knowledge of facts, he did not describe what critical evidence was lost, whether the testimony would be available from any other witness, or how her testimony would have aided his defense. Thompson also fails to provide whether his mother would have even been a witness in the case. *See Rogers*, 118 F.3d at 475. Therefore, this Court finds that Thompson did not sufficiently demonstrate that the death of his mother during the pre-indictment delay resulted in actual prejudice to his right to a fair trial.

Thompson also alleges that he has suffered substantial prejudice because certain witnesses are unwilling to assist in Thompson's defense after being interrogated by the IRS and government investigators regarding a different case. In *Duncan*, the court considered this issue. *Duncan*, 763 F.2d at 222. The defendant in that case named the specific witness who had become unwilling to testify. However, he gave no indication of how her testimony would have

6

aided his defense or what exculpatory testimony she could provide. *Id.* (citing *United States v. Doe*, 642 F.2d 1206,1208 (10th Cir.) (citations omitted), *cert. denied,* 454 U.S. 817 (1981)). Because the defendant failed to show actual prejudice as a result of this witness becoming unwilling to testify, the court found his argument to be insufficient. *Duncan*, 763 F.2d at 222.

Not only does Thompson fail to provide the identities of these important witnesses, but he also fails to give any details as to the exculpatory evidence these witnesses could provide to aid his defense. This Court again finds that Thompson failed to demonstrate actual prejudice sufficient to warrant the dismissal of his indictment.

Finally, Thompson argues that because he has been since convicted of a felony, his credibility will be affected if he testifies, and thus, he will suffer substantial prejudice to his right to a fair trial. This Court finds Thompson's last argument without merit. Thompson cannot specifically explain how this conviction in another jurisdiction will prejudice his defense other than it might affect his credibility *if* he testifies. *United States v. Spears*, 159 F.3d 1081, 1088 (7th Cir. 1998); *see also United States v. Le*, No. Cr. S-99-0433 WBS, 2003 U.S. Dist. LEXIS 2297, at *14-15 (E.D. Cal. Feb. 14, 2003). Furthermore, Thompson produces no evidence to show that the government delayed seeking an indictment so he could commit more crimes. *Spears*, 159 F.3d at 1088. The government is simply not required to arrest someone before he is convicted of another crime, i.e., the government is not obliged to "save the defendant from himself." *Id.* (citation omitted). Any prejudice that Thompson *may* have suffered as a result of his being convicted of another crime prior to this indictment is a result of his own criminal conduct, not as a result of the government's delay. *Id.* Therefore, Thompson suffered no prejudice as a result of governmental delay because he has been convicted of another crime in

the meantime. *Id.*; *see also Brown*, 959 F.2d at 66 (holding that the defendant suffered no prejudice in his ability to amount a defense because he pled guilty in state court on related charges during the pre-indictment delay).

Even after considering Thompson's arguments in their totality, this Court finds that he is unable to overcome the "heavy burden" of proving that pre-indictment delay caused actual prejudice to his right to a fair trial. *See Wright*, 343 F.3d at 860 (quoting *United States v. Butz*, 982 F.2d 1378, 1380 (9th Cir. 1993)).

**B. Reason for Delay**

Even if Thompson had established actual substantial prejudice, he has failed to meet the second part of the test for unconstitutional pre-indictment delay – that the delay was an intentional device by the government to gain a tactical advantage. *Rogers*, 118 F.3d at 476 (quoting *Brown*, 959 F.2d at 66). A delay that results from the government's investigative efforts "does not deprive [a defendant] of due process, even if his defense may have been somewhat prejudiced by the lapse of time." *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986) (citations omitted), *cert. denied,* 479 U.S. 1067 (1987); *see also Rogers*, 118 F.3d at 476; *Lovasco*, 431 U.S. at 796 (holding that prosecuting a defendant after an investigative delay does not deprive him of due process, even if his defense may have been prejudiced).

Thompson asserts that "the government has shown no reason why it could not bring this prosecution back in 1997, or at the very least, in 2001," the last year the alleged conduct in question occurred. (Doc. # 19, at 6.) The government argues, however, that not only was the first tax return filed in late 1998, but that it takes several years before the IRS begins to investigate a return due to the millions of tax returns filed every year. (Doc. #23, at 2.) This

8

Circuit has addressed the reasonable amount of time for returning tax evasion indictments, finding that because of the complexity in dealing with more than one return, three years is a reasonable amount of time for investigation. *United States v. DeClue*, 899 F.2d 1465, 1469 (6th Cir. 1990) (also finding that defendant's lack of cooperation enhanced the government's inability to return an indictment earlier).  Also, this Circuit found in *Brown*, where only one taxable year was in question, that a five year delay between the defendant's tax evasion and the indictment was reasonable because the defendant did not meet either element needed to find unconstitutional pre-indictment delay.  *Brown*, 667 F.2d at 567.  Because the IRS was dealing with the complexities of investigating four tax returns and because Thompson has not established that the government delayed the indictment to intentionally gain a tactical advantage, this Court finds that Thompson has not met the second part of the test for unconstitutional pre-indictment delay.

Thompson has failed to prove that the pre-indictment delay has substantially prejudiced to his right to a fair trial and that the government intentionally delayed the indictment to gain a tactical advantage.  Therefore, this Court finds that the pre-indictment delay neither warrants a dismissal of the indictment nor violates the Due Process Clause of the Fifth Amendment.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Thompson's motion to dismiss. (Doc. # 19.)

**IT IS SO ORDERED.**

                                                  s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE